**IN THE UNITED STATES DISTRICT COURT
FOR NOTHERN DISTRICT OF ILLINOIS**

VLADMIR GOROKHOVSKY
individually and on behalf of
minor child Michael Gorokhovsky
4275 West Cherrywood Ln
Milwaukee, WI 53209

18CV2800
JUDGE COLEMAN
MAG. JUDGE FINNEGAN

                          Plaintiffs

**FILED**

        vs.

APR 19 2018

CITY OF CHICAGO
121 North LaSalle Street
Chicago, Illinois 60602

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

                 Defendant          JURY DEMAND ON ALL COUNTS

---

**COMPLAINT AT LAW**

---

**NOW COMES** the above-named Plaintiffs, VLADIMIR GOROKHOVSKY,

individually and on behalf of minor child MICHAEL GOROKHOVSKY, and as his

Complaint at Law for actual, general, special, statutory, incidental, consequential,

compensatory and punitive damages for violation of the Civil Rights Act, 42 USCS

§§1983 -1988 *et. seq.*; against all the above-named defendant, CITY OF CHICAGO,

jointly and severally, are hereby alleging as follows:

A. JURISDICTION AND VENUE:

1.      That this action arises under the Civil Rights Act, 42 USCS §§1983

-1988.

2.      That the above-named Plaintiffs are seeking, among other relief, to

recover actual, general, special, incidental and consequential damages (in the sum not yet

certain but to be proven at trial) from all the above-named defendants, jointly and

severally, for deprivation of property interest while acting under color of law and under the doctrine of pendent jurisdiction.

3. That this Court has concurrent jurisdiction over the cause of action set forth in this complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1332, 28 U.S.C. § 1337 and doctrine of pendent jurisdiction.

4. That venue is proper in this Court under 28 U.S.C. § 1391 because all the above and below alleged actions of defendant took place, in whole or in part, within this District.

5. That the above-named defendant is incorporated in the State of Illinois.

6. That the matter in controversy exceeds $75,100.00 exclusive of interest and costs, in that the plaintiffs are alleging actual, general, special, incidental and consequential damages in the sum not yet certain but to be ascertained and proven at trial.

7. That this Court has concurrent subject matter and *in personam* jurisdiction over all causes of action pleaded herein.

## B. PARTIES:

8. That the above-named Plaintiffs are repeating, re-alleging and adopting §§ 1-7 of Jurisdiction as set forth fully herein and incorporates them by reference.

9. That at all times material hereto the above-named adult Plaintiff Vladimir Gorokhovsky was an adult domiciliary of the State of Wisconsin, and biological father of the above-named minor Plaintiff, Michael Gorokhovsky.

10. That at all times material hereto the above-named adult minor Plaintiff, Michael Gorokhovsky was a minor eight-years old son of the above-named adult Plaintiff Vladimir Gorokhovsky and was domiciliary of the State of Wisconsin.

11. That, upon information and belief, the above-named defendant CITY of CHICAGO is now and at all times mentioned was an Illinois municipal corporation organized under laws of the State of Illinois since March 4, 1837 with principal place of business at: 30 North LaSalle Street, Suite 700, Chicago, Illinois 60602.

C. STATEMENT OF CLAIM:

12. The above-named Plaintiffs are repeating, re-alleging and adopting §§ 1-7 of Jurisdiction and Venue; §§ 8-11 of Parties as set forth fully herein and incorporates them by reference.

13. That on April 13, 2018 at approximately 9:15 P.M. the vehicle driven by the above-named adult Plaintiff was parked for 30 minutes at vicinity of 3242 North Clark Street, Chicago Illinois.

14. That at that time both the above-named Plaintiffs were eating dinner in nearby restaurant.

15. That upon their return to their vehicle the Plaintiffs observed that their vehicle was impound and booted.

16. That upon seeing the vehicle being impounded and booted the above-named minor eight years old Plaintiff became very scary and started to cry uncontrollably.

17. That the above-named adult Plaintiff tried to comfort the above-named minor Plaintiff who was uncontrollably crying.

18. That thereafter the above-named adult Plaintiff stopped a taxi and both Plaintiffs were transported to City of Chicago Pound 6 at 701 N. Sacramento Street, Chicago Illinois.

19.    That upon arrival at Pound 6 the above-named adult Plaintiff, being accompanied by the above-named minor plaintiff proceeded with prompt payment of $766 to get his vehicle released.

20.    That the City of Chicago employee (afro-American) female processed the payment but told the above-named adult Plaintiff that his vehicle will not be released from the boot until 10:00AM next morning.

21.    That she specifically said that there is a custom or policy of City of Chicago not to release impound vehicles secured with boot at late hours until next morning.

22.    That she also said that she cannot get a hold of technician because "they cut of their phones and are not now available."

22.    That the above-named adult Plaintiff tried to explain to this employee of City of Chicago that he is from Milwaukee and is here with a minor child who is uncontrollably crying and that they have to come back to Milwaukee this evening.

23.    That the above-named adult Plaintiff also told this employee that they do not have a place to stay in Chicago until next morning.

24.    That in response the above-identified employee was visibly and maliciously indifferent to the Plaintiff's citation.

25.    That additionally she was rude and was visibly apparently enjoying her power over both the above-named plaintiffs.

26.    That the above-named Plaintiff requested to speak with her supervisor and was further told by a supervisor that all technicians of City of Chicago had cut of their phone lines and nobody is available now to remove the boot from Plaintiff's vehicle.

27. That the above-named adult Plaintiff took some pictures of the above-named employee of City of Chicago which further made her very angry.

28. That subsequently both the above-named Plaintiffs left the vicinity of Pound 6.

29. That during the following night spend at hotel the above-named minor plaintiff became ill suffering from high emotional stress and physical fever.

30. That consequently the above-named plaintiffs were compelled to stay overnight in Chicago at their own expense incurring Per Diem and local lodging expenses in approximate sum of $650 and local transportation expenses in the sum of $94.

31. That consequently the above-named adult Plaintiff lost one day of his employment and incurred lost of wages in the sum of $2000.

32. That the true and correct copies of available documents and receipts are appended herewith marked as Exhibit A, incorporated by reference and made a part of this entire complaint at law.

**COUNT ONE:**
CAUSE OF ACTION FOR DEPRIVATION OF PROPERTY RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 USC § 1983:

As a separate and alternative cause of action against all the above-named defendants, jointly and severally, the above-named Plaintiff, VLADIMIR GOROKHOVSKY is alleging as follows:

32. The above-named Plaintiff is repeating, re-alleging and adopting §§ 1-31 of preceding sections of this entire Complaint at Law as duly set forth herein and incorporates them by reference.

33.     That, at all times material hereto, while acting under color of state and or municipal law, at late evening hours on April 13, 2018 the above-named defendant City of Chicago refused to immediately remove the boot from the plaintiff's impounded vehicle although all payments and fees were already made, processed and accepted by the City of Chicago.

34.     That, while acting in the above-identified manner, the above-identified employees of City of Chicago, who at all times hereto were acting in the scope of their employment with the above-named defendant uttered that they are acting in pursuance to custom and policy promulgated by the City of Chicago.

35.     That based on their utterance the above-named adult Plaintiff understood that there is a custom or policy or both promulgated by the City of Chicago not to remove a boot from booted vehicle at the late hours despite receiving of payments of fees and fines.

36.     That at all times material hereto, by implementation and utilization of said policy the above-named defendant, CITY OF CHICAGO, while acting under color of municipal law, burdened Plaintiff's right of exclusive ownership, immediate possession and immediate utilization of his vehicle and his right of lawful locomotion.

37.     That, as a feasible, foreseeable, direct and proximate result of said burdening of adult Plaintiff's property rights by the above-named defendant, who was acting under color of law and color of its policy, the above-identified Plaintiffs sustained actual, damages in approximate sum of $2766 as well as special and general damages in the sum of $2795 as well as incidental, consequential damages in the sum to be ascertained at trial.

38.     That, as a feasible, foreseeable, direct and proximate result of said burdening of minor Plaintiff's personal health rights by the above-named defendant, who was acting under color of law and color of its policy, the above-identified minor Plaintiff sustained actual, general, special, incidental, consequential damages in the sum exceeding the sum of $11,540 or in the sum to be ascertained at trial.

**WHEREFORE, THE ABOVE-NAMED PLAINTIFF** is demanding judgment against all the above-named defendant, City of Chicago, jointly and severally, in the amount of actual, general and special damages incurred by the above-named plaintiff as a direct and proximate cause of defendant's burdening of plaintiff's property rights in the sum to be proven at trial; the amount of all appropriate damages in the sum to be proven at trial; as well as the costs, expenses and disbursements of this action; as well as an amount of reasonable attorney fees pursuant to 42 U.S.C. §1988(b); as well as for other and further relief the Court deems to be just and proper.

**COUNT TWO:**
<u>CAUSE OF ACTION FOR DEPRIVATION OF BODILY SECURITY RIGHTS</u>
<u>UNDER COLOR OF LAW PURSUANT TO 42 USC § 1983</u>:

As a separate and alternative cause of action against the above-named defendant, jointly and severally, the above-named Plaintiff, VLADIMIR GOROKHOVSKY, on behalf of the above-named minor Plaintiff, MICHAEL GOROKHOVSKY is hereby alleging as follows:

39.     The above-named Plaintiff is repeating, re-alleging and adopting §§ 1-38 of preceding sections of this entire Complaint at Law as duly set forth herein and incorporates them by reference.

40.     That, at all times material hereto, while acting under color of state law, City of Chicago refused to remove the boot from the plaintiff's impounded vehicle although all payments and fees were already made, processed and accepted by the City of Chicago.

41.     That, while acting in the above-identified manner, the above-identified employees of City of Chicago, who at all times hereto were acting in the scope of their employment with the above-named defendant, uttered that they are acting in pursuance to custom and policy promulgated by the City of Chicago.

42.     That, upon information and believe, there is a custom or policy or both promulgated by the City of Chicago not to remove a boot from booted vehicle at the late hours despite receiving of payments of fees and fines.

43.     That at all times material hereto, by implementation and utilization of said policy and while acting under color of municipal law the above-named defendant caused to the above-named eight years old minor plaintiff severe stress, emotional apprehension, resulting in high fever and other physical and emotional injuries to the above-named minor plaintiff thereby burdened minor Plaintiff's right of his personally bodily security and his right of locomotion.

44.     That, as a feasible, foreseeable, direct and proximate result of said burdening of Plaintiff's personal health and security rights by the above-named defendant, who was acting under color of law and color of its policy, the above-identified Plaintiff became physically and emotionally ill and sustained actual, general, special, incidental, consequential damages in the sum exceeding in the sum to be ascertained at trial.

**WHEREFORE, THE ABOVE-NAMED MINOR PLAINTIFF** is demanding judgment against all the above-named defendant, City of Chicago, jointly and severally, in the amount of actual, general and special damages incurred by the above-named plaintiff as a direct and proximate cause of defendant's burdening of minor plaintiff's personal bodily rights in the sum to be proven at trial; the amount of all appropriate damages in the sum to be proven at trial; as well as the costs, expenses and disbursements of this action; the amount of reasonable attorney fees pursuant to 42 USC §1988(b); as well as for other and further relief the Court deems fit and proper.

**COUNT THREE:**
<u>CAUSE OF ACTION FOR COMMON LAW NEGLIGENCE</u>:

As a separate and alternative cause of action against the above-named defendant, jointly and severally, the above-named Plaintiff, VLADIMIR GOROKHOVSKY, on behalf of the above-named minor Plaintiff, MICHAEL GOROKHOVSKY is hereby alleging as follows:

45. That the above-named Plaintiff is hereby repeating, re-alleging and adopting §§ 1-44 of preceding sections of this entire Complaint at Law as duly set forth herein and incorporates them by reference.

46. That on April 13, 2018 the above-named minor Plaintiff was present with his father at vicinity of Pound 6 and was observed crying by employees of the City of Chicago.

47. That at all times material hereto the above-named defendant owed the legal duty to avoid foreseeable risk of harm to the above-named minor plaintiff.

48. That at all times material hereto at the late hours of April 13, 2018 the above-named defendant owed the legal duty to the above-named minor plaintiff to release

his father's impounded vehicle upon receipt and processing of payment for fees and costs.

49.     That at late hours of April 13, 2018, while observing said minor plaintiff crying in vicinity of office of Pound 6, the above-named defendant breached that duty by frightening and otherwise causing fear to this eight-years-old child, by creating apprehension that he will not b able to return to Milwaukee that night but instead will be spending this night on the streets of Chicago together with his father; and by further creating the above-identified unreasonable fear further creating physical and emotional harm to the above-named minor eight-years old plaintiff.

50.     That, as a feasible, foreseeable, direct and proximate result of said breach of legal duty and standard of legal care perpetrated by the above-named defendant, who were acting under color of law and color of its policy, the above-identified minor Plaintiff was exposed to severe physical discomfort, high fever, overwhelming emotional distress, was frightened and was uncontrolled crying for the period of several days following the above-described incident.

51.     That, as a feasible, foreseeable, direct and proximate result of said breach of legal duty owed to the minor plaintiff and creation of unreasonable risk of harm perpetrated by the above-named defendant at late hours of April 13, 2018, who were acting under color of law and color of its policy, the above-identified minor Plaintiff sustained actual, special, general, incidental, consequential damages in the sum to be ascertained at trial.

52.     That at all times material hereto the above-named defendants was acting willfully and maliciously with gross or reckless disregard for minor plaintiff's bodily and emotional health and his right of locomotion.

**WHEREFORE,  THE ABOVE-NAMED MINOR PLAINTIFF** is respectfully requesting final order of judgment against all the above-named defendant, jointly and severally, in the amount of actual, general and special damages incurred by the above-named Plaintiff as a direct and proximate cause of breach of legal duty perpetrated by the above-named defendant in the sum to be proven at trial; the amount of all punitive damages in the sum to be warded by jury at trial;  as well as the costs, expenses and disbursements of this action;  as well as an amount of reasonable attorney fees pursuant to 42 U.S.C. §1988(b); as well as for other and further relief the Court deems to be just and proper.

**COUNT FOUR:**
CAUSE OF ACTION FOR GROSS NEGLIGENCE: DELIBERATE, WILLFUL AND WANTON MISCONDUCT:

As a separate and alternative cause of action against the above-named defendant, CITY OF CHICAGO, jointly and severally, the above-named Plaintiff, VLADIMIR GOROKHOVSKY, on behalf of the above-named minor Plaintiff, MICHAEL GOROKHOVSKY is hereby alleging as follows:

53.     That the above-named Plaintiff is hereby repeating, re-alleging and adopting §§ 1-52 of preceding sections of this entire Complaint at Law as duly set forth herein and incorporates them by reference.

54.     That on April 13, 2018 the above-named minor Plaintiff was present together with his father at vicinity of office of Pound 6 and was observed uncontrollably crying by the above-referenced employees of the City of Chicago.

55.     That at all times material hereto the above-named defendant owed the legal duty to avoid foreseeable risk of harm to the above-named minor plaintiff.

56.     That at all times material hereto at the late hours of April 13, 2018 the above-named defendant owed the legal duty to the above-named minor plaintiff to release his father's impounded vehicle upon receipt and processing of full and complete payment for fees and costs.

57.     That at late hours of April 13, 2018, while observing said minor plaintiff uncontrollably crying in vicinity of office of Pound 6, the above-named defendant breached that duty by frightening this eight-years-old child, by creating apprehension that he will not be able to return to Milwaukee tonight but instead will be spending this night on the streets of Chicago together with his father and by further creating the above-identified unreasonable harm to the above-named minor plaintiff.

58.     That, as a feasible, foreseeable, direct and proximate result of said breach of legal duty and standard of legal care perpetrated by the above-named defendant, who were acting under color of law and color of its policy, the above-identified minor Plaintiff was exposed to severe physical dehydration, high fever, overwhelming emotional distress, was frightened and was uncontrolled crying for the period of several days following the above-described incident.

59.     That, as a feasible, foreseeable, direct and proximate result of said breach of legal duty and creation of unreasonable risk of harm perpetrated by the above-

named defendant, who were acting under color of law and color of its policy, the above-identified minor Plaintiff sustained actual, special, general, incidental, consequential damages in the sum exceeding to be ascertained at trial.

60.     That at all times material hereto the above-named defendants was willfully and maliciously with gross or reckless disregard for minor plaintiff's bodily and emotional health and personal bodily and emotional security.

**WHEREFORE, THE ABOVE-NAMED MINOR PLAINTIFF** is respectfully requesting final order of judgment against all the above-named defendant, jointly and severally, in the amount of actual, general and special damages incurred by the above-named Plaintiff as a direct and proximate cause of breach of legal duty perpetrated by the above-named defendant in the sum to be proven at trial; the amount of all punitive damages in the sum to be warded by jury at trial; as well as the costs, expenses and disbursements of this action; the amount of reasonable attorney fees pursuant to 42 USC §1988(b); as well as for other and further relief the Court deems fit and proper.

**WHEREFORE, THE ABOVE-NAMED PLAINTIFFS** are hereby respectfully requesting final order of judgment against the above-named defendant CITY OF CHICAGO, jointly and severally as follows:

(1).     For all counts, the amount of actual, general, special, incidental and consequential damages in the sum to be proven at trial;

(2)     Since at all times material hereto the above-named defendant, jointly and severally, acted knowingly, oppressively, willfully, maliciously, adversely, outrageously and maliciously and with gross and intentional disregard of the plaintiff's legal rights, thus both the above-named Plaintiffs do hereby requests that punitive damages be

assessed against the above-named defendant, jointly and severally, for all pertinent Counts pleaded herein, in the sum of punitive damages as may be approximate from the above named defendant, jointly and severally, in an amount sufficient to deter in the future the above-described wrongful, willful, wanton and deliberate misconduct;

(3) For all causes of action, the costs, expenses and disbursements of this action;

(4) For all causes of action, the amount of reasonable attorney fees if proper;

(5) For other and further relief the Court deems to be just, fit and proper.

PLEASE TAKE NOTICE, that the above-named Plaintiffs are hereby respectfully demanding the trial by jury on all counts.

Dated this Complaint at Law on this **16th** day of **April** 2018.

Respectfully submitted by
GOROKHOVSKY LAW OFFICE, L.L.C.
Counsels for Plaintiffs

*Vladimir M. Gorokhovsky, Esq.*

BY: _____
/s/ Vladimir M. Gorokhovsky, LL.M.
ILND TR. 10994

**P.O. Business Address:**
10919 N. Hedgewood Ln,
Mequon, WI 53092
(414)-581-1582
gorlawoffice@yahoo.com

**CERTIFICATE OF SERVICE:**

I hereby certify that on April 19th, 2018 I caused a copy of the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

*Vladimir M. Gorokhovsky, Esq.*

_____
/s/ VLADIMIR GOROKHOVSKY